IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| GARY GRENIER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, INTERIOR BOARD OF INDIAN APPEALS, BUREAU OF INDIAN AFFAIRS,<br><br>Defendants. | Civil No.<br><br><br>**COMPLAINT AND PETITION FOR JUDICIAL REVIEW** |

Plaintiff Gary Grenier ("Grenier") for his Complaint against Defendants states and alleges as follows.

## INTRODUCTION

[¶1]  This is a request for judicial review of a final decision of the United States Department of the Interior, Interior Board of Indian Appeals ("IBIA") dated October 29, 2018, by Administrative Law Judges Mary P. Thorstenson and Thomas A. Blaser, which affirmed the decision of the Great Plains Regional Director, Bureau of Indian Affairs ("Regional Director") dated May 19, 2016, which in turn affirmed the decision of the Acting Turtle Mountain Agency Superintendent ("Acting Superintendent") dated March 5, 2015. A copy of said final decision is attached hereto as <u>Exhibit A</u>. Grenier has exhausted his administrative remedies and this matter is ripe for judicial review.

[¶2]  Plaintiff Grenier is a resident of Rolette County, State of North Dakota. Grenier engages in farming and mining in Rolette County.

[¶3]  Defendant Bureau of Indian Affairs ("BIA") is a federal agency of the United States Department of the Interior ("USDI") that administers and manages land held in trust by

1

the United States for Native Americans in the United States, Native American Tribes, and Alaska Natives.

## JURISDICTION AND VENUE

[¶4]   Jurisdiction in the United States District Court is proper under the Administrative Procedure Act, 5 U.S.C. § 701 et. seq., which provides for judicial review of agency action, and 28 U.S.C. § 1331, which provides federal question jurisdiction.

[¶5]   North Dakota is the proper venue for this action under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in North Dakota.

## FACTUAL BACKGROUND

[¶6]   On March 18, 2010 Grenier and Carol Delorme ("Delorme") executed a farming and mining lease (the "Lease") for Turtle Mountain Off-Reservation Tract 5065 and Tract M5065, legally described as:

> E/2NE/4, of Section 3, Township 161 N., Range 71 W., Rolette County, North Dakota.

(the "Property").

[¶7]   The Property is trust land held for the benefit of the Indian owners by the BIA. At the time of the Lease, a Title Status Report showed that Delorme, an enrolled member of the Turtle Mountain Band of Chippewa, was the overwhelming majority owner of the Property, with an ownership interest of over 91%.

[¶8]   For nearly 30 years prior to the March 18, 2010 Lease, Grenier leased and farmed the Property through multiple leases with Delorme. The March 18, 2010 Lease contained an additional provision to mine gravel and/or other materials on the Property.

[¶9] During the formation of the Lease, Grenier spoke to Lyle Morin ("Morin"), at the time the Superintendent of the Turtle Mountain Agency, Great Plains Region, Bureau of Indian Affairs. Morin informed Grenier that the Turtle Mountain Agency had received and reviewed the Lease and further informed Grenier that he had a valid lease with Delorme.

[¶10] Based upon these assertions, Grenier and Delorme executed the Lease and Grenier paid Delorme the consideration for the Lease of $45,000.

[¶11] Despite his statements to Grenier, on May 13, 2010, Morin wrote to Delorme notifying her that the BIA had researched its records further and determined that Delorme was not the sole owner of the Property. Morin notified Delorme that she needed to take further action to secure BIA approval of the Lease.

[¶12] Despite these entreaties, Delorme failed to follow through with the BIA's requests to secure formal approval of the Lease. In fact, she adamantly opposed assistance from the BIA.

[¶13] At some point in 2011, in an attempt to punish Grenier, Delorme decided to renege on the Lease and repudiate it, seeking the assistance of the BIA to do so. Even Darrell Laducer of the BIA recognized Delorme's improper actions, admitting that Delorme executed the Lease and only after deciding to back out of her agreement with Grenier, did she seek assistance from the BIA to defend her. Unfortunately, it would appear the BIA fully went along with Delorme's actions to punish Grenier.

[¶14] On December 12, 2011, Delorme sent Grenier a cease and desist letter. Further, Delorme initiated an action against Grenier in Turtle Mountain Tribal Court seeking to repudiate the Lease on the grounds of lack of consent.

[¶15]  On August 20, 2012, the Tribal Court ruled in favor of Grenier, finding that the Lease was valid under Tribal law and that Delorme had set forth no legal basis to revoke her consent to the Lease. The Tribal Court ordered Delorme not to interfere with Grenier's use of the Property subject to the Lease. The Tribal Court further ordered that Grenier "may continue to use, occupy and possess the land until further order of the Court."

[¶16]  On appeal, the Tribal Court of Appeals let stand the portion of the Tribal Court's Order which determined that the Lease was valid, but did hold that Delorme's claims for rescission were a federal question over which the Tribal Court did not have jurisdiction.

[¶17]  In August 2012, Morin issued a cease and desist letter which stated that the BIA had determined that the Lease was void as it had never received BIA approval.

[¶18]  On September 11, 2013, new Turtle Mountain Agency Superintendent David Keplin ("Keplin") sent another cease and desist letter to Grenier stating that he did not have a valid lease to mine gravel and/or other material on the Property, as the Lease was void. The September 11, 2013 letter further informed Grenier that Delorme "is not interested in negotiating a lease with you."

[¶19]  The September 11, 2013 letter provided Grenier ten days to either (1) provide a "valid lease", (2) show cause as to why Grenier should not be found to be in trespass, or (3) request additional time to respond to the allegations contained in the notice of trespass letter. The letter further warned that "if the alleged violation remains uncured after the stated deadline, you may be determined to be in trespass, and damages may be assessed against you".

[¶20]  Multiple times throughout the remainder of 2013 and 2014, Grenier attempted to challenge or otherwise appeal the BIA's determinations that the Lease was void and that

he had trespassed on the Property. These attempted challenges were rejected by the BIA as premature, despite the fact that throughout this entire period, Delorme retained the $45,000 received from Grenier pursuant to the terms of the Lease.

[¶21] From 2010 onward, numerous members of the BIA had inappropriate ex parte communications with Delorme regarding the Lease and the Property. In essence, it was clear that Delorme was using the BIA to repudiate the Lease she consented to, while retaining the consideration thereto, and the BIA acted completely on her behalf.

[¶22] On March 5, 2015, a new Acting Superintendent issued a Decision finding that the Lease was void and that Grenier was in trespass in mining the Property. Grenier was assessed trespass damages of $231,205.50.

[¶23] Grenier timely appealed the March 5, 2015 Decision. The regulations provided that a decision from the Regional Director would be issued within sixty (60) days of Grenier's appeal. Despite these rules and regulations, and despite numerous direct declarations from the BIA that a determination on Grenier's appeal was forthcoming imminently, the Regional Director unreasonably delayed a decision on Grenier's appeal for well over one (1) year. Delorme filed no response to Grenier's appeal and defaulted on the appeal.

[¶24] On May 19, 2016, the Regional Director affirmed the Acting Superintendent's Decision that Grenier trespassed on the Property. Specifically, the Regional Director affirmed that Grenier extracted gravel and other minerals without a Lease approved by the BIA. The Regional Director's decision did remand for further consideration the Acting Superintendent's assessment of damages, penalties, and costs against Grenier.

[¶25] On September 15, 2016, Grenier timely appealed the Regional Director's May 19, 2016 decision to the Interior Board of Indian Affairs ("IBIA"). Among other issues, Grenier argued that he did not trespass on the Property, that the Lease was valid and not void, that the BIA exceeded its jurisdiction in determining that the Lease was void, that Delorme needed to bear responsibility for any supposed trespass, that the BIA's numerous delays were unreasonable, and that Delorme defaulted on the administrative action.

[¶26] Grenier also requested a hearing on this appeal. Grenier received no response on this request until the IBIA's final decision, which was summarily rejected.

[¶27] Numerous times throughout this process, Grenier requested necessary records from the BIA on its determinations, including through a Freedom of Information Act ("FOIA") request. Grenier did not receive records from the BIA until after its September 15, 2016 appeal was filed. And despite making his FOIA request in 2016, Grenier did not receive records responsive to the FOIA request until 2018.

[¶28] On October 29, 2018, the IBIA affirmed the Regional Director's May 19, 2016 decision.

[¶29] In sum, the Lease was originally executed on March 10, 2010 with the BIA's knowledge; the BIA first raised potential issues with the Lease in May 2010; litigation in Tribal Court began in 2011; the BIA sent a cease and desist letter in 2012 and again in September 2013; the BIA did not make a trespass determination on which Gary could take action until March 2015; Gary timely responded with an appeal to that Decision within 30 days; in violation of its own rules and regulations, the BIA took over fourteen (14) months to issue a determination on that appeal in May 2016; Grenier timely appealed that decision within 90 days; and the IBIA again delayed deciding on that appeal for over two

(2) years. A final decision from the BIA on a Lease that was signed in March 2010 did not occur until October 2018. In that time, Gary has not been able to have a hearing before the BIA on any of its decisions.

[¶30] This Complaint for judicial review follows.

## FIRST CAUSE OF ACTION – JUDICIAL REVIEW

[¶31] Grenier incorporates the foregoing Paragraphs herein by reference.

[¶32] The final decision of the BIA is not supported by substantial evidence, is erroneous, arbitrary and capricious, and not in accordance with existing law.

[¶33] Among other issues, the BIA incorrectly determined that the Lease between Grenier and Delorme was void, that the BIA had jurisdiction to determine that the Lease was void, that Grenier trespassed on the Property, that the BIA's numerous delays were reasonable, and that Delorme did not default on the action.

[¶34] Further, the BIA violated Grenier's right to due process. The BIA took over eight years to make a final decision on this matter and during that time, violated its own rules and regulations numerous times in issuing its decisions. The BIA further had numerous ex parte communications with Delorme displaying its willingness to act solely on Delorme's behalf in seeking to punish Grenier. The BIA, again in violation of its own rules and regulations, as well as other statutes, significantly delayed providing necessary records to Grenier, including records which had previously been provided to Delorme. The BIA also refused to allow Grenier a hearing on any of his appeals to the numerous levels of decision-makers which Grenier needed to exhaust before bringing this matter for judicial review.

[¶35] Accordingly, the final decision of the BIA should be set aside and the Court should determine the Lease between Grenier and Delorme to be valid.

## SECOND CAUSE OF ACTION - ATTORNEYS' FEES & OTHER EXPENSES

[¶36] Grenier incorporates the foregoing Paragraphs herein by reference.

[¶37] The position of the BIA was not substantially justified and Grenier is entitled to his attorney fees and other expenses under 28 U.S.C. § 2412.

[¶38] WHEREFORE, Plaintiff Grenier requests the following relief:

    A.    An Order setting aside the final decision of the BIA.

    B.    An Order determining that the Lease between Grenier and Delorme was valid.

    C.    An Order determining that Grenier did not trespass on the Property

    D.    An Order awarding Grenier his attorney fees, costs, and expenses.

    E.    Such other relief as is just and equitable.

Dated this 28th day of November, 2018.

    /s/ Michael T. Andrews
    Michael T. Andrews (ND ID 05516)
    Anderson, Bottrell, Sanden & Thompson
    4132 30th Avenue SW, Suite 100
    P.O. Box 10247
    Fargo, ND 58106-0247
    (701) 235-3300
    mandrews@andersonbottrell.com
    Attorneys for Plaintiff

F:/8162/1/p/judicial review/complaint (judicial review)