IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Gary Grenier, | ) |
|  | ) **ORDER** |
| Plaintiff, | ) |
|  | ) Case No. 3:18-cv-247 |
| vs. | ) |
|  | ) |
| United States Department of the Interior, | ) |
| Interior Board of Indian Appeals, | ) |
| Bureau of Indian Affairs, | ) |
|  | ) |
| Defendants. | ) |

Before the Court is Plaintiff Gary Grenier's ("Grenier") motion to dismiss administrative action, or in the alternative, for relief under 5 U.S.C. § 706. Doc. No. 78. Grenier also moved for a hearing on the motion. Doc. No. 80. Defendants United States Department of the Interior ("DOI"), Interior Board of Indian Appeals ("IBIA"), and Bureau of Indian Affairs ("BIA") (collectively, the "Defendants") responded in opposition to the motion on September 27, 2021. Doc. No. 89. Grenier filed a reply on September 27, 2021. Doc. No. 91. For the reasons below, the motions are denied.

I.  **BACKGROUND**

This case centers on the administrative decision invalidating a lease on land held in trust by the United States for the benefit of Carol Jean Delome or her successors. Doc. No. 51. The decision also assessed trespass damages against Grenier, who claims a lease on the subject property. Id. These decisions have gone through a series of drawn-out agency and administrative appeals and review, which has taken years, and which remain subject to agency review.[1]

---

[1] Additional background and history of this case is contained in United States Magistrate Judge Alice R. Senechal's April 13, 2020, order. Doc. No. 51. For the sake of brevity, the court incorporates that background here without repeating it.

In this action, Grenier seeks judicial review of an October 29, 2018, final decision of the IBIA.[2] That decision affirmed that the lease central to this case is void for lack of BIA approval but remanded to the BIA for an assessment of trespass damages against Grenier. On remand, the BIA issued an amended assessment of damages in the amount of $735,022.98.[3] Doc. No. 79-1. Grenier appealed the amended assessment of damages on December 11, 2019. Doc. No. 79, p. 3. In response to his appeal, the BIA issued a decision on July 22, 2020, which reassessed Grenier's damages at $754,642.71. Doc. No. 79-2. Grenier appealed that decision on August 19, 2020. Doc. No. 79-3.

Grenier now awaits a decision from the IBIA and potentially another remand to the BIA for reassessment of damages. Doc. No. 79. To that end, Grenier and the BIA moved the IBIA for expedited consideration of the most recent appeal. On August 10, 2021, the IBIA denied the motions for expedited consideration of the appeal without prejudice. Doc. No. 94-1. The motions were denied without prejudice because the parties in this case and the Related Case agreed to participate in mediation efforts sponsored by this Court, which if successful, could have impacted the appeal. Doc. No. 94-1.

On September 1, 2021, Grenier filed this motion to dismiss, urging the Court to dismiss the BIA's administrative action against Grenier, or alternatively, to compel a decision from the IBIA. While this motion was pending, the parties in this case and the Related Case changed course

---

[2] This decision affirmed the BIA Regional Director's May 19, 2016, decision, which affirmed the Turtle Mountain Agency Acting Superintendent's March 5, 2015, decision.

[3] Because the completion of the amended assessment is necessary for resolution of this case and related case, Grenier v. Delorme, Case No. 4:14-cv-39, Doc. No. 102 (D.N.D. Jan. 2, 2019) (the "Related Case"), Judge Senechal ordered the BIA to complete the revised damages assessment on or before November 15, 2019. Doc. No. 38. The BIA complied with this order, issuing the revised assessment of damages on November 15, 2019. Doc. No. 79-1. However, that revised damages assessment was not a final agency decision; it invited appeal to the BIA within sixty days.

2

and decided to forego mediation, issuing a joint status report to that effect. The IBIA construed the joint status report as containing a renewed request for expedited consideration, which it granted on November 8, 2021. Doc. No. 94-1. Notably, the IBIA advised that it does not intend to interrupt or delay review of the cases which it is currently considering.

## II. DISCUSSION

At the heart of his motion, Grenier asserts that, although this Court is without a complete decision to review, the Court should nevertheless accelerate resolution of this case.[4] As the parties are well-aware, a final decision on the damages assessment is necessary for judicial review by this Court:

> Under 25 C.F.R. § 2.6—the regulation governing appeals from BIA decisions—judicial review of BIA decisions is precluded unless the decision is "final." A BIA decision is not final if it may be appealed to a superior authority within the Department of the Interior.

Prima Expl., Inc. v. LaCounte, No. 1:18-CV-116, 2018 WL 4702153, at *2 (D.N.D. Oct. 1, 2018). Because an appeal of the damages assessment has continued to be available to and pursued by Grenier, this Court remains without a complete and final decision to review as to the damages assessment. In response to Grenier's suggestion for urgency, Defendants' position is that, at least as to the trespass issue, this case has been ready for resolution since May 2019, when they answered Grenier's complaint and filed the administrative record with the Court. However, since then, all parties agreed to stay this case along with the Related Case until the final trespass damages assessment is complete.

---

[4] Judge Senechal denied Grenier's motion for leave to amend his complaint to assert an exception to the requirement of exhaustion of administrative remedies prior to judicial review. She found that the facts did not support finding such an exception and the proposed amendment was futile. Doc. No. 51. Therefore, continued administrative proceedings are necessary to produce a final decision for this Court to review.

Notwithstanding this agreement, Grenier urges the Court to take additional action to hasten adjudication of this case, in part relying on 5 U.S.C. § 706. As relevant here, 5 U.S.C. § 706 provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; [or]
>
> \*\*\*
>
> **(D)** without observance of procedure required by law[.]

5 U.S.C. § 706.

Grenier first offers an alternative path for the Court to afford him the relief he seeks under § 706(1), namely an order to compel a decision from the IBIA within thirty days. He alleges that because the BIA has failed to conclude matters before it "within a reasonable time," as required by 5 U.S.C. § 555(b), this Court should "compel agency action unlawfully withheld or unreasonably delayed." Defendants counter that until the IBIA issues a final revised assessment, this Court lacks jurisdiction to grant Grenier's requests. The Court disagrees as to jurisdiction. Indeed, the Court has jurisdiction, pursuant to Congress's instruction, "to compel agency action that has been unreasonably delayed," Telecommunications Rsch. & Action Ctr. v. F.C.C., 750 F.2d 70, 79 (D.C. Cir. 1984) (citing 5 U.S.C. § 706(1)). The Court's analysis, however, does not end here. Defendants correctly point out that Grenier's complaint does not state a cause of action under 5 U.S.C. § 706(1). Instead, the relief Grenier seeks in his complaint is for "the final decision of the

4

BIA [to] be set aside and the Court [to] determine the [l]ease between Grenier and Delorme to be valid." Doc. No. 1, ¶ 34. As such, the Court declines to consider a claim under § 706(1).

Alternatively, Grenier argues that under § 706(2) the Court should "hold unlawful and set aside agency action . . . found to be" either "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A) and (D). Unfortunately, and consistent with the analysis above, the Court is without a final decision to review.

Finally, the IBIA has indicated it understands the urgency of Grenier's appeal. Recognizing that both this case and the Related Case are stayed pending the resolution of the appeal before it, the IBIA granted the parties' request for expedited consideration upon learning that mediation was cancelled. Doc. No. 94-1. Because numerous older cases are pending before the IBIA, it advised that "in the interest of seeking some balance between the interests of those other litigants and those of the parties in this proceeding . . . [it] does not intend to interrupt or delay its review of and action on several older cases that are already under consideration." So Grenier, unsatisfied with the IBIA's qualification, urges the Court to intervene.

Given the lengthy and protracted litigation since this dispute was first adjudicated by the Turtle Mountain Tribal Court in 2012, the Court understands and appreciates Grenier's frustration. However, the Court finds that intervention is unnecessary based on the specific circumstances of this case. Notably, the IBIA has now signaled that it will expedite consideration. And the IBIA is justified in considering other matters before it. See Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) ("We have noted before the importance of 'competing priorities' in assessing the reasonableness of an administrative delay. In re Barr Laboratories, Inc., 930 F.2d 72, 75 (1991), we refused to grant relief, even though all the other

factors . . . favored it, where 'a judicial order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain.'").

For these reasons, the Court declines Grenier's invitation to impose a deadline or dismiss the administrative action and denies his motion at this time. Rather, the Court will await the final decision of the IBIA.

### III.  CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Grenier's motion to dismiss administrative action, or in the alternative, for relief under 5 U.S.C. § 706 (Doc. No. 78) is **DENIED**.  Given the extensive briefing on the motion, Grenier's motion for hearing (Doc. No. 80) is also **DENIED**. All other claims remain stayed. If necessary, the Court will determine any award of attorney's fees at the conclusion of this matter.

**IT IS SO ORDERED**.

Dated this 9th day of May, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
