**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| GARY GRENIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:18-cv-00247-PDW-ARS |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, INTERIOR BOARD OF INDIAN APPEALS, BUREAU OF INDIAN AFFAIRS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' CONSOLIDATED OPPOSITION TO PLAINTIFF'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE RELIEF UNDER 5 U.S.C. § 706 AND OPPOSITION TO PLAINTIFF'S MOTION FOR ORAL ARGUMENT**

## INTRODUCTION

Without leave of Court, *see* L.R. 7.1(C), Plaintiff Gary Grenier filed a supplemental brief, Doc. 121 ("Supplemental Brief"), asserting that *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), and *Securities & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117 (2024) supports his *Renewed Motion to Dismiss Administrative Action, For Relief Under 5 U.S.C.A. § 706, and for Attorneys' Fees and Costs*, Doc. 102 ("Renewed Motion"). As explained below, these cases are irrelevant to this proceeding and do not support granting Plaintiff the relief he requests in the Renewed Motion. Moreover, the Court should deny Plaintiff's *Motion for Oral Argument*, Doc. 120, as the Court should not allow argument on claims not properly before it.

## ARGUMENT

### I. *Loper Bright Enterprises v. Raimondo* is Irrelevant to this Case

Plaintiff's Supplemental Brief asserts that *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) ("*Loper Bright*") "squarely applies" in this case, because the United States Department of the Interior's purported "delay" in issuing a final decision on trespass damages allegedly "violates the unambiguous requirements of § 706" of the Administrative Procedure Act. Doc. 121 at 3-4. Plaintiff further asserts that this purported delay "cannot possibly withstand this Court's scrutiny absent the deference required by [*Chevron v. Nat. Res. Def. Council*, 467 U.S. 837 (1934) ("*Chevron*")]." *Id.* at 4.

*Loper Bright* is irrelevant to this case. In *Loper Bright*, the Supreme Court overruled *Chevron*'s holding that courts should defer to agency interpretations of ambiguous statutes in certain circumstances. 144 S. Ct. at 2273. Here, there is no question of statutory interpretation at issue, and the United States has never asked this Court to extend *Chevron* deference to the final agency decision pending before the Court. Nothing in *Loper Bright* supports Plaintiff's

1

argument that he is entitled to remedies outside of the Complaint and related to a non-final agency decision. Nor does *Loper Bright* support Plaintiff's argument that Section 706 of the APA must now be interpreted as entitling him to those remedies. *See generally* Doc. 109.

## II. *Securities & Exch. Comm'n v. Jarkesy* is Irrelevant to this Case

Plaintiff's Supplemental Brief further asserts that *Securities & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2217 (2024) is "dispositive" with respect to his Renewed Motion, because the case purportedly "held administrative agencies cannot constitutionally adjudicate issues which originate in common law." Doc. 121 at 1. Plaintiff then broadly asserts that *Jarkesy* "entitles a party to a Jury trial with respect to administrative adjudications of issues which arise from common law," *id.* at 4, and that because trespass "is as 'common law' as the 'common law' gets," he is entitled to a jury trial, *id.* Plaintiff further contends that the non-final agency decision on trespass damages reflects a "punitive remedy" that parallels the penalties at issue in *Jarkesy*. *Id.* at 5-6.

*Jarkesy* held that the Seventh Amendment to the United States Constitution "entitles a defendant to a jury trial when the [Securities and Exchange Commission] seeks civil penalties against him for securities fraud." 144 S. Ct. at 2127. The Court recognized that "relations with Indian tribes" is one of several "historic categories of adjudications" known as "public rights" matters that Congress may assign for decision to an agency without a jury trial, consistent with the Seventh Amendment. *Id.* at 2133. Plaintiff's effort to distinguish such language, *see* Doc. 121 at 5 n.1, fails. The Court did not cite to *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 174 (2011), due to the nature of the particular dispute over tribal funds in that case as Plaintiff contends, but rather to point to *Jicarilla*'s language discussing how the unique trust

relationship between the United States and Indian tribes places disputes about that relationship within the "public rights" category more generally.

Moreover, the only claims properly before this Court are those in Plaintiff's Complaint—*i.e.*, those that seek to challenge Interior's 2018 final agency decision concluding that Plaintiff trespassed on restricted Indian property. *Id.*; *see also* Docs. 110-1, 117 (United States' briefs in support of its Motion for Summary Judgment).[1]  Whether Plaintiff is entitled to a jury trial in connection with the non-final agency decision on damages is irrelevant to this case. *Id.*[2] Accordingly, Plaintiff's reliance on *Jarkesy* is entirely misplaced.

## CONCLUSION

As previously argued, *see* Doc. 109, the Court is not empowered to grant Plaintiff the relief he seeks in the Renewed Motion. The non-final agency decision on trespass damages is outside the scope of the Complaint, as is Plaintiff's claim of "undue delay" under 5 U.S.C. § 706(1). Even if Plaintiff properly presented to these issues to the Court, and he has not, nothing in *Loper Bright*, *Jarkesy*, or any other case Plaintiff relies on demonstrates he is entitled to the extraordinary relief he seeks. The United States therefore respectfully requests that the Court deny Plaintiff's Renewed Motion, Doc. 102, as well as his *Motion for Oral Argument*, Doc. 120. The United States further urges the Court to grant its Motion for Summary Judgment, Doc. 110, and conclude this case.

---

[1] Plaintiff asserts that the United States' Motion for Summary Judgment is "partial" in nature. Doc. 121 at 1. Not so. The United States has moved for all claims in Plaintiff's Complaint. Docs. 110, 110-1, 117.

[2] To the extent Plaintiff can make a plausible and timely claim that a jury trial is required for a trespass damages assessment, that claim must first be directed to the agency, not this Court. *United States v. L.A. Tucker Truck Lines,* 344 U.S. 33, 36-37 (1952) ("orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has an opportunity for correction" to put the agency "on notice of the accumulating risk of wholesale reversals").

DATED: August 16, 2024.

                                                    Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

OF COUNSEL:                               */s/ Rebecca M. Ross*

HANNAH BOLT                          REBECCA M. ROSS, Senior Attorney

Attorney-Advisor                       Indian Resources Section

Office of the Regional Solicitor      Environment and Natural Resources Division

U.S. Department of the Interior       United States Department of Justice

5600 American Boulevard, Suite 270    P.O. Box 7611, Ben Franklin Station

Bloomington, MN 55437             Washington, DC 20044

                                                    Telephone: (202) 616-3148

                                                    Email: rebecca.ross@usdoj.gov

                                                    *Attorneys for the United States*