IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| GARY GRENIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:18-cv-00247-DLH-ARS |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE | ) |
| INTERIOR, INTERIOR BOARD OF INDIAN | ) |
| APPEALS, BUREAU OF INDIAN AFFAIRS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND PETITION FOR JUDICIAL REVIEW**

The United States Department of the Interior; the Interior Board of Indian Appeals, and the Bureau of Indian Affairs ("Defendants"), through counsel, hereby answer the allegations in Plaintiff Gary Grenier's ("Plaintiff") Amended Complaint and Petition for Judicial Review ("Amended Complaint") (Doc. 140). The numbered paragraphs of this Answer correspond to the numbered paragraphs and sections of the Amended Complaint. The topic headings are taken from the Amended Complaint and included for ease of reference. Use of these headings does not constitute an admission by Defendants of the headings' relevance or accuracy. Defendants deny all allegations in Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein, and Defendants specifically deny any violation of law.

## INTRODUCTION

1. The allegations set forth in Paragraph 1 consist of characterizations of this lawsuit, as well as legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and on that basis deny those allegations.

3. Defendants admit the allegations set forth in Paragraph 3.

## JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. The allegations set forth in Paragraph 5 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in the District of North Dakota.

## FACTUAL BACKGROUND

6. Defendants admit that Turtle Mountain Off-Reservation Tract M5065, consisting of the mineral estate, is described as: the SE¼ NE¼ and Government Lot 1 except the south 660 feet of the north 990 feet of the east 165 feet thereof, located in Section 3, Township 161 North, Range 71 West, Fifth Principal Meridian, Rolette County, North Dakota, containing 77.91 acres, more or less. Defendants aver that Turtle Mountain Off-Reservation Tract 5065, consisting of the surface estate, is described as: the SE¼ NE¼ and Government Lot 1 except the north 990 feet of the east 450.67 feet thereof, located in Section 3, Township 161 North, Range 71 West, Fifth Principal Meridian, Rolette County, North Dakota, containing 70.17 acres, more or less. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 and on that basis deny those allegations.

7. Defendants admit that Tracts 5065 and M5065 are land held in restricted status by the United States for the benefit of multiple Indian owners, and that such beneficial ownership has changed over time. The remaining allegations in Paragraph 7 consist of characterizations of a Title Status Report, which speaks for itself and is the best evidence of its contents. To the extent the characterizations of the Title Status Report are inconsistent therewith, Defendants deny the allegations.

8. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 8 and on that basis deny those allegations. The allegations set forth in the second sentence of Paragraph 8 consist of Plaintiff's characterizations of a document dated March 18, 2010, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

9. Defendants admit that Lyle Morin was formerly the Superintendent of the Turtle Mountain Agency, Bureau of Indian Affairs, including in 2010. Defendants deny the remaining allegations set forth in Paragraph 9.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and on that basis deny those allegations.

11. The allegations set forth in Paragraph 11 consist of Plaintiff's characterizations of a letter dated May 13, 2010 from Superintendent Lyle Morin to Carol Delorme, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations. Defendants specifically deny that the May 13, 2010 letter contradicted any prior statements made by Superintendent Morin to Plaintiff.

12. Defendants admit that the BIA has not received a request for approval of a lease of Tract 5065 or Tract M5065 with Plaintiff as the lessee. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 and on that basis deny those allegations.

13. Defendants deny the allegations set forth in Paragraph 13.

14. The allegations set forth in the first sentence of Paragraph 14 consist of Plaintiff's characterizations of a document dated December 12, 2011, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations. The allegations set forth in the second sentence of Paragraph 14 consist of Plaintiff's characterizations of proceedings before another court, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

15. The allegations set forth in Paragraph 15 consist of Plaintiff's characterizations of an August 20, 2012 tribal court decision, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

16. The allegations set forth in Paragraph 16 consist of Plaintiff's characterizations of a tribal court of appeals decision, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

17. Defendants admit that on August 22, 2012, Superintendent Lyle Morin sent a letter to Plaintiff. The remaining allegations set forth in Paragraph 17 consist of characterizations

of this August 22, 2012 letter, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

18. Defendants admit that on September 11, 2013, Turtle Mountain Agency Superintendent David Keplin sent a notice of trespass letter to Plaintiff. The remaining allegations set forth in Paragraph 18 consist of characterizations of the September 11, 2013 letter, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

19. The allegations set forth in Paragraph 19 consist of characterizations of the September 11, 2013 letter, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

20. Defendants admit that Plaintiff responded to the Superintendent's September 11, 2013 notice of trespass by a letter to the Superintendent dated September 18, 2013. Defendants admit that Plaintiff appealed the notice of trespass to the Regional Director by a letter dated December 18, 2013. Defendants admit that by a letter dated January 3, 2014, the Regional Director dismissed Plaintiff's appeal as premature. The allegations set forth in Paragraph 20 consist of characterizations of the September 18, 2013, December 18, 2013, and January 3, 2014 letters, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 that "throughout this entire period, Delorme retained the $46,000 received from Plaintiff pursuant to the terms of the Lease" and on that basis deny those allegations.

21.     Defendants admit that in 2012 and thereafter BIA worked with the Bureau of Land Management and other entities to inspect the property and prepare estimates of the volume of gravel extracted from the Property.  The remaining allegations set forth in Paragraph 21 consist of Plaintiff's characterizations of the findings of those inspections, which speak for themselves and are the best evidence of their contents.  To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

22.     Defendants deny the allegations set forth in Paragraph 22.

23.     The allegations set forth in Paragraph 23 consist of characterizations of the March 5, 2015 Acting Superintendent's decision letter, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

24.     Defendants admit that on April 3, 2015, Plaintiff timely appealed the March 5, 2015 Acting Superintendent's decision to the Regional Director.  Defendants aver that Carol Delorme did file a brief in Plaintiff's appeal to the Interior Board of Indian Appeals ("IBIA") and further aver that she was under no obligation to participate in such appeal.  The remaining allegations set forth in the second sentence of Paragraph 24 consist of legal argument, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

25.     The allegations set forth in Paragraph 25 consist of characterizations of the May 19, 2016 Regional Director's decision letter, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.  The allegations in Paragraph 25 also consist of characterizations of regulations found in 25 C.F.R. part 2, which speak for themselves and are the best evidence of their contents.

To the extent the characterizations are inconsistent therewith, Defendants deny the allegations. In addition, the allegations set forth in the second sentence of Paragraph 25 consist of Plaintiff's characterizations of alleged "declarations from the BIA," which are not part of the administrative record. Lastly, Defendants aver that Plaintiff did not seek relief from the agency for its alleged delays in deciding his appeal, even though those remedies were available to him.

26. Defendants admit that Plaintiff timely appealed the May 19, 2016 Regional Director's decision to the IBIA. The remaining allegations set forth in Paragraph 26 consist of characterizations of Plaintiff's filings before the IBIA, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

27. The allegations set forth in Paragraph 27 consist of characterizations of Plaintiff's filings before the IBIA and the October 29, 2018 decision of the IBIA, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

28. Defendants admit that Plaintiff requested a copy of the administrative record and that Plaintiff made a request for other documents under the Freedom of Information Act. Defendants admit that a copy of the administrative record was mailed to Plaintiff on September 13, 2016 and that a response to Plaintiff's FOIA request was mailed on June 7, 2018. Defendants deny the remaining allegations set forth in Paragraph 28.

29. The allegations set forth in Paragraph 29 consist of characterizations of the October 29, 2018 decision of the IBIA, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the

allegations. The allegations in Paragraph 29 also consist of legal argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. The allegations set forth in Paragraph 30 consist of legal argument and characterizations of this lawsuit, to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. The allegations set forth in Paragraph 31 consist of legal argument and characterizations of this lawsuit, to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. The allegations set forth in Paragraph 32 consist of characterizations of a November 15, 2019 BIA Superintendent decision on damages, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations. The allegations set forth in Paragraph 32 also consist of legal argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Defendants admit that Plaintiff appealed the November 15, 2019 decision to the Regional Director. The remaining allegations set forth in Paragraph 33 consist of characterizations of the November 15, 2019 decision, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

34. Defendants admit that on July 22, 2020, the Regional Director issued a decision on Plaintiff's appeal of the November 15, 2019 BIA Superintendent decision. The remaining allegations in Paragraph 34 consist of consist of legal argument, to which no response is

required, and characterizations of the July 22, 2020 decision, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

35. Defendants admit that Plaintiff appealed the July 22, 2020 decision to the IBIA, and that in June 2022 the IBIA issued a decision on that appeal resulting in a remand to the BIA. The remaining allegations in Paragraph 35 consist of legal argument, to which no response is required, and characterizations of Plaintiff's filings and the IBIA's decision, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

36. The allegations set forth in Paragraph 36 consist of legal argument, to which no response is required, and characterizations of filings and orders in this case, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

37. Defendants admit that on December 10, 2023, the Regional Director issued a decision following the 2022 remand from the IBIA. The remaining allegations in Paragraph 37 consist of legal argument, to which no response is required, and characterizations of the Regional Director's decision, which speaks for itself and is the best evidence of its contents.  To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

38. The allegations in Paragraph 38 consist of legal argument, to which no response is required, and characterizations of the Regional Director's decision, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

39. Defendants admit that Plaintiff appealed the Regional Director's decision to the IBIA. The remaining allegations in Paragraph 39 consist of legal argument, to which no response is required, and characterizations of the Regional Director's decision, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

40. The allegations set forth in Paragraph 40 consist of legal argument, to which no response is required, and characterizations of filings in this case, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

41. The allegations set forth in Paragraph 41 consist of legal argument, to which no response is required, and characterizations of filings and orders in this case, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

42. Defendants admit that on June 17, 2025, the IBIA issued a final decision on the amount of damages Plaintiff owes for his trespass of the subject property, and thereafter, the parties to Plaintiff's appeal to the United States Court of Appeals for the Eighth Circuit stipulated to its dismissal. The remaining allegations in Paragraph 42 consist of legal argument, to which no response is required, as well as characterizations of filings in the appeal and the June 17, 2025 IBIA decision, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations.

43. The allegations set forth in Paragraph 43 consist of legal argument, to which no response is required, and characterizations of various documents, including letters, decisions, and

orders, which speak for themselves and are the best evidence of their contents. To the extent the characterizations are inconsistent therewith, Defendants deny the allegations. Defendants admit that Plaintiff timely appealed the March 5, 2015 decision of the Superintendent to the Regional Director. Defendants further admit that on June 19, 2016, Plaintiff timely appealed the Regional Director's May 19, 2016 decision to the IBIA, and that October 29, 2018, the IBIA issued a final decision affirming BIA's decision to find Plaintiff in trespass. Defendants admit that on November 15, 2019, the BIA Superintendent issued a revised decision on damages, which the Regional Director affirmed on July 22, 2020. Defendants further admit that in June 2022, the IBIA remanded the decision back to the BIA. Defendants further admit that on December 6, 2023, the Regional Director issued a revised decision on damages, which the IBIA affirmed, but modified in part, on June 17, 2025. Defendants deny the remaining allegations in Paragraph 43.

44. The allegations set forth in Paragraph 44 consist of legal argument, to which no response is required, and characterizations of the administrative appeal process and this lawsuit, to which no response is required. To the extent a response is required, Defendants deny the allegations.

45. The allegations set forth in Paragraph 45 consist of characterizations of this lawsuit, to which no response is required. To the extent a response is required, Defendants deny the allegations.

### FIRST CAUSE OF ACTION – JUDICIAL REVIEW OF THE TRESPASS DETERMINATION

46. Defendants incorporate by reference the responses to Paragraphs 1 through 45 as if fully set forth herein.

47. The allegations set forth in Paragraph 47 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. The allegations set forth in Paragraph 48 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. The allegations set forth in Paragraph 49 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. The allegations set forth in Paragraph 50 constitute Plaintiff's request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## SECOND CAUSE OF ACTION – JUDICIAL REVIEW OF THE FINAL DAMAGE ASSESSMENT

51. Defendants incorporate by reference the responses to Paragraphs 1 through 50 as if fully set forth herein.

52. The allegations set forth in Paragraph 52 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. The allegations set forth in Paragraph 53 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. The allegations set forth in Paragraph 54 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

55. The allegations set forth in Paragraph 55 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. The allegations set forth in Paragraph 56 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations set forth in Paragraph 56 also constitute Plaintiff's request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

### THIRD CAUSE OF ACTION – VACATE ADMINISTRATIVE DECISION DUE TO UNREASONABLE DELAY, BIAS, AND BAD FAITH OF BIA

57. Defendants incorporate by reference the responses to Paragraphs 1 through 56 as if fully set forth herein.

58. The allegations set forth in Paragraph 58 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. The allegations set forth in Paragraph 59 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

60. The allegations set forth in Paragraph 60 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

61. The allegations set forth in Paragraph 61 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. The allegations set forth in Paragraph 62 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

63. The allegations set forth in Paragraph 63 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations set forth in Paragraph 63 also constitute Plaintiff's request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## FOURTH CAUSE OF ACTION – VACATE ADMINISTRATIVE DECISION DUE TO DENIAL OF RIGHT TO JURY TRIAL

64. Defendants incorporate by reference the responses to Paragraphs 1 through 63 as if fully set forth herein.

65. The allegations in Paragraph 65 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

68. The allegations in Paragraph 68 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations set forth in Paragraph 68 also constitute Plaintiff's request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

### FIFTH CAUSE OF ACTION – ATTORNEYS' FEES & OTHER EXPENSES

69. Defendants incorporate by reference the responses to Paragraphs 1 through 68 as if fully set forth herein.

70. The allegations in Paragraph 70 consist of legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

71. The allegations set forth in Paragraph 71, including subsections (A)-(F), constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to establish the Court's subject matter jurisdiction over one or more claims.

2. Plaintiff lacks standing to bring one or more claims.

3. Plaintiff has failed to state a claim for which relief may be granted for one or more of their claims.

4. Defendants reserve the right to assert additional defenses, including affirmative defenses, which may be revealed subsequent to this filing.

Dated: August 20, 2025.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ *Rebecca M. Ross*

| | |
|---|---|
| OF COUNSEL: | REBECCA M. ROSS, Senior Attorney |
| ALEX DYSTE-DEMET, Attorney-Advisor | Tribal Resources Section |
| Office of the Regional Solicitor | Environment and Natural Resources Division |
| U.S. Department of the Interior | United States Department of Justice |
| 5600 American Boulevard, Suite 270 | P.O. Box 7611, Ben Franklin Station |
| Bloomington, MN 55437 | Washington, DC 20044 |
| | rebecca.ross@usdoj.gov |

*Attorneys for Defendants*

Defendants' Answer to Plaintiff's Amended Complaint and Petition for Judicial Review
3:18-cv-00247-PDW-ARS

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I filed the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND PETITION FOR JUDICIAL REVIEW electronically with the Clerk of Court through ECF, which caused ECF Participants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

    /s/ Rebecca M. Ross
REBECCA M. ROSS, Senior Attorney
Tribal Resources Section
Environment and Natural Resources Division
United States Department of Justice